

JUDGE BATTS

11 CIV 1249

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
W2005 WYN HOTELS, L.P., BECKER-
PARAMOUNT FEE LLC, PARK CENTRAL
HOTEL (DE) LLC, RLJ III – DBT
METROPOLITAN MANHATTAN, LP,
1466 BROADWAY LP and HIGHGATE
HOTELS, L.P.,

                              Plaintiffs,

                           -against-

ASBESTOS, LEAD & HAZARDOUS WASTE
LABORERS' LOCAL 78, KAZIMIERZ
PROSNIEWSKI in his capacity as President of
Laborers' Local 78, PAWEL GRUCHACZ in his
capacity as Secretary/Treasurer of Laborers' Local 78,
EDISON SEVERINO and JOHN DOES 1-10,

                              Defendants.
------------------------------------------------------------x

Case No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs W2005 WYN HOTELS, L.P., BECKER-PARAMOUNT FEE LLC, PARK CENTRAL HOTEL (DE) LLC, RLJ III – DBT METROPOLITAN MANHATTAN, LP, 1466 BROADWAY LP and HIGHGATE HOTELS, L.P. (collectively, "Plaintiffs"), by their attorneys Clifton, Budd & DeMaria, LLP, for their Complaint against Defendants allege as follows:

### Jurisdiction And Venue

1.    This Court has jurisdiction based on a federal question pursuant to 28 U.S.C. §1331 as Plaintiffs bring claims under 29 U.S.C. §187.

2.    This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a).

3.    Venue is proper in this jurisdiction pursuant to §28 U.S.C. §1391 and 29 U.S.C. §187, because a substantial part of the events giving rise to the claim occurred in this District.

## Parties

4.  Plaintiff W2005 WYN Hotels, L.P. ("W2005 WYN") is a Delaware limited partnership with its principal place of business located at 1048 Raymond Boulevard, Newark, New Jersey.

5.  W2005 WYN is the owner of the Hilton Penn Station, Newark, hotel ("Newark Hilton") located at 1048 Raymond Boulevard, Newark, New Jersey.

6.  Plaintiff Becker-Paramount Fee LLC ("Becker-Paramount") is a Delaware limited liability company with its principal place of business located at 235 West 46th Street, New York, New York 10036.

7.  Becker-Paramount is the owner of the Paramount Hotel – New York (the "Paramount") located at 235 West 46th Street, New York, New York 10036.

8.  Plaintiff Park Central Hotel (DE) LLC ("Park Central LLC") is a Delaware limited liability company with its principal place of business located at 870 Seventh Avenue, New York, New York 10019.

9.  Park Central LLC is the owner of the Park Central Hotel – New York ("Park Central Hotel") located at 870 Seventh Avenue, New York, New York 10019.

10. Plaintiff RLJ III – DBT Metropolitan Manhattan, LP ("RLJ III") is a Delaware limited partnership with its principal place of business located at 569 Lexington Avenue, New York, New York 10022.

11. RLJ III is the owner of the Doubletree Metropolitan – New York hotel ("Doubletree") located at 569 Lexington Avenue, New York, New York 10022.

12. Plaintiff 1466 Broadway LP ("1466 Broadway") is a Delaware limited partnership with its principal place of business located at 1466 Broadway, New York, New York.

13. 1466 Broadway is the owner of the Knickerbocker Hotel (the "Knickerbocker") located at 1466 Broadway, New York, New York.

14. Plaintiff Highgate Hotels, L.P. ("Highgate") is a Delaware limited partnership with its principal place of business located at 545 E. John Carpenter Freeway, Suite 1400, Irving, Texas 75062.

15. Highgate is the managing agent of the Paramount and the Doubletree.

16. Each of the Plaintiffs is engaged in commerce as defined by the Labor Management Relations Act, 29 U.S.C. § 141 *et seq.*

17. Upon information and belief, Defendant Asbestos, Lead & Hazardous Waste Laborers' Local 78 ("Local 78") is an unincorporated association conducting business as a labor organization that represents environmental workers in the construction industry in the New York City region. Upon information and belief, Local 78's principal place of business is 30 Cliff Street, 6th Floor, New York, New York 10038.

18. Upon information and belief, Kazimierz Prosniewski ("Prosniewski") is the President of Local 78. Prosniewski is sued in his capacity as Local 78's President pursuant to New York General Association Law §13. Upon information and belief, Prosniewski controlled all actions of Local 78 and is jointly and severally liable for all acts committed on Local 78's behalf. The use of "Local 78" below shall also refer to "Prosniewski".

19. Upon information and belief, Pawel Gruchacz ("Gruchacz") is the Secretary/Treasurer of Local 78. Gruchacz is sued in his capacity as Local 78's Secretary/Treasurer pursuant to New York General Association Law §13. Upon information and belief, Gruchacz controlled all actions of Local 78 and is jointly and severally liable for all acts committed on Local 78's behalf. The use of "Local 78" below shall also refer to "Gruchacz".

20. Upon information and belief, Edison Severino ("Severino") is an agent of Local 78 who participated in some or all of the conduct described below.

21. Upon information and belief, Defendants John Does 1-10 are Local 78 members who participated in some or all of the conduct against Plaintiffs described below.

### Facts Common To All Counts

22. The Knickerbocker has recently closed for renovations. The Newark Hilton, Paramount, Park Central Hotel and Doubletree are currently open for business, housing guests, and are undergoing no renovation work involving any asbestos abatement.

23. 1466 Broadway has retained New York Insulation ("NY Insulation"), an unrelated entity, to perform certain construction-related work at the Knickerbocker.

24. Upon information and belief, NY Insulation does not have any relationship with Local 78.

25. On or about January 26, 2011 and continuing to this date, various members of Local 78, including Defendants Severino, Prosniewski and Gruchacz, began a campaign of harassment against Plaintiffs related to the assignment of certain work by 1466 Broadway to NY Insulation, allegedly a non-union contractor, at the Knickerbocker.

26. Upon information and belief, the purpose of this campaign of harassment against Plaintiffs was to influence the assignment of certain work to members of Local 78 rather than to other employees not represented by Local 78.

27. At all times relevant to the Complaint, there has been no labor dispute between any of the Plaintiffs and Local 78.

28. The sole relevant labor dispute is between NY Insulation and Local 78.

29. During the entire time of the activities of Local 78 complained of in this action, NY Insulation did not perform any work at the Newark Hilton, the Paramount, Park Central Hotel or the Doubletree.

30. This campaign of harassment against the Plaintiffs included, but is not limited to: the following acts, commencing on or about January 26, 2011 and continuing to date:

   a. Erecting and maintaining a multi-story inflatable rat in front of the entrances to each of the hotels;

   b. Positioning the rat in such a way as to intimidate and coerce employees and individuals seeking to do business with each Plaintiff;

   c. At the Newark Hilton, Paramount, Park Central Hotel and Doubletree, distributing intentionally and wantonly untrue materials in an effort to cause employees and other individuals to believe that those hotels had "deadly asbestos" dangers and that employees or other individuals who entered those hotels would be inflicted with cancer;

   d. At the Newark Hilton, Paramount, Park Central Hotel and Doubletree, falsely advising the public that those hotels had dealings with NY Insulation;

   e. Impeding the travel of employees, guests and deliveries to and from the hotels; and

   f. Distributing and attempting to distribute materials to employees and other individuals in an effort to prevent them from dealing with the Plaintiffs.

31. Upon information and belief, all of the above acts were done with the full knowledge, authorization and ratification of the individual members of Local 78 and the officers and agents of Local 78.

32. Upon information and belief, Local 78 and its members frequently use similar campaigns of threats and harassment to exert pressure on neutral employers to cease doing business with non-union contractors or to cause the termination of non-union contractors and their replacement with Local 78 contractors.

## FIRST CAUSE OF ACTION
*29 U.S.C. §187*

33. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "32" as if set forth at length herein.

34. By engaging in the complained-of acts, Defendants induced and/or encouraged employees of Plaintiffs, and employees of other employers engaged in commerce, to engage in a strike or a refusal in the course of their employment to perform services for Plaintiffs.

35. Defendants committed the complained-of acts with the object of forcing other persons and businesses to cease doing business with Plaintiffs and, further, to force 1466 Broadway to cease doing business with NY Insulation.

36. Defendants' actions had the actual effect of disrupting Plaintiffs' business relations.

37. Defendants' conduct constitutes an unfair labor practice in violation of 29 U.S.C. §158(b)(4)(i)(B).

38. Plaintiffs suffered injury to their businesses and property by reason of Defendants' secondary boycott activities.

39. Pursuant to 29 U.S.C. §187(b), Plaintiffs are entitled to recover the damages sustained as a result of Defendants' wrongful conduct.

## SECOND CAUSE OF ACTION
*29 U.S.C. §187*

40. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "39" as if set forth at length herein.

41. By engaging in the complained-of acts, Defendants threatened, coerced and/or restrained persons engaged in commerce.

42. Defendants committed the complained-of acts with the object of forcing other persons and businesses to cease doing business with Plaintiffs and, further, to force 1466 Broadway to cease doing business with NY Insulation.

43. Defendants' actions had the actual effect of disrupting Plaintiffs' business relations.

44. Defendants' conduct constitutes an unfair labor practice in violation of 29 U.S.C. §158(b)(4)(ii)(B).

45. Plaintiffs suffered injury to their businesses and property by reason of Defendants' secondary boycott activities.

46. Pursuant to 29 U.S.C. §187(b), Plaintiffs are entitled to recover the damages sustained as a result of Defendants' wrongful conduct.

## THIRD CAUSE OF ACTION
### *Private Nuisance*

47. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "46" as if set forth at length herein.

48. Defendants' conduct interfered with Plaintffs' right to use and enjoy their property.

49. Defendants' interference was substantial and intentional.

50. Defendants' conduct was unreasonable under all of the circumstances.

51. Plaintiffs suffered damages as a result of Defendants' conduct.

…

## FOURTH CAUSE OF ACTION
*Civil Trespass*

52. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "51" as if set forth at length herein.

53. Defendants, without justification or permission, intentionally entered Plaintiffs' property.

54. Defendants' conduct caused Plaintiffs to suffer damages in the use of their property.

## FIFTH CAUSE OF ACTION
*Interference With Prospective Business Relations*

55. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "54" as if set forth at length herein.

56. Defendants intentionally, knowingly and by use of wrongful means prevented Plaintiffs from entering into various contractual relationships.

57. Plaintiffs would have entered into various contractual relationships if not for Defendants' wrongful conduct.

58. Defendants' actions were motivated solely by malice and to inflict injury.

59. Plaintiffs have suffered damages as a result of Defendants' wrongful conduct.

## SIXTH CAUSE OF ACTION
*Prima Facie Tort*

60. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "59" as if set forth at length herein.

61. In the alternative, Defendants' actions were done solely with the intent of causing harm to Plaintiffs.

62. In the alternative, Defendants' actions interfered with Plaintiffs' business operations and caused pecuniary damages to Plaintiff.

63. In the alternative, Defendants' actions were taken without excuse or justification.

### DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all issues so triable.

WHEREFORE, Plaintiffs demand the following judgment against Defendants:

a. An order temporarily and permanently enjoining and restraining Defendants from their unlawful activity;

b. Compensatory and punitive damages in the amount of $10,000,000 (Ten Million Dollars) for each Plaintiff; and

c. Attorneys' fees, costs of suit, disbursements and whatever further damages the Court deems just and proper.

Dated: February 23, 2011
New York, New York

CLIFTON BUDD & DeMARIA, LLP

By: _____
Kevin J. McGill (KM 4554)
Scott M. Wich (SW 6781)
Stefanie R. Munsky (SM 0724)
Attorneys for Plaintiffs
420 Lexington Avenue
New York, NY 10170
(212) 687-7410

9